# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DENISE BEAUFORD,** | 1: 09 - CV - 00066 - AWI - SMS |
| **Plaintiff**, | ORDER GRANTING PLAINTIFF BEAUFORD'S MOTION FOR REMAND AND REMANDING ACTION TO KERN COUNTY SUPERIOR COURT |
| v. | |
| **E.W.H. GROUP INC. dba BAKERSFIELD MITSUBISHI, and DOES 1-50, inclusive,** | Documents # 17 and # 9 |
| **Defendants**. | |

## BACKGROUND

This case arises on a motion to remand a class action suit, brought by plaintiff Denise Beauford ("Plaintiff") against defendant E.W.H. Group Inc. ("Defendant"), who operated a car dealership known as "Bakersfield Mitsubishi". The suit was originally filed on Feburary 13, 2008, in the Kern County Superior Court. Plaintiff alleges violations of the California Tire Recycling Act, Cal. Pub. Res. Code § 42885, the Automobile Sales and Finance Act, Cal. Civ. Code § 2981 *et. seq.*, the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et. seq.* and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. All of Plaintiff's causes of action are brought pursuant to California State law. Defendant timely filed a motion for removal under 28 U.S.C. §1446 on January 9, 2009, asserting diversity jurisdiction pursuant to the Class

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). Plaintiff filed a motion to remand on May 15, 2009, pursuant to 28. U.S.C. § 1447.

### LEGAL STANDARD

A civil action in state court may be removed by the defendant or defendants to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C § 1441(a). In enacting CAFA, Congress enlarged the original jurisdiction of the federal courts over class action suits raising state law claims by providing for original jurisdiction for class actions that meet certain specific requirements. CAFA states that for class actions with more than 100 class members:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. §§ 1332(d)(2) and 1332(d)(5). CAFA, however, contains several exceptions to the federal courts original jurisdiction over class actions. The "home state" exception provides that "[a] district court shall decline to exercise jurisdiction under paragraph (2)" over a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The "local controversy" exception states that a district court shall decline to exercise jurisdiction where no other similar class action has been filed in the preceding three years and:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant--(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of

each defendant were incurred in the State in which the action was originally filed; 28 U.S.C § 1332(d)(4)(A).

Once removed plaintiffs may move to remand their case to state court pursuant to 28 U.S.C § 1447(c), which provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In reviewing a motion to remand, the removal statute must be strictly construed and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (noting "the canon [of law] that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts. . . . Our interpretation is consistent with the goal of the canon, which guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation.")(citations omitted).

When removing a case to federal court under CAFA the Ninth Circuit has expressly held that the burden to establish federal jurisdiction remains with the removing party. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-683, 685 (9th Cir. 2006) (stating that "[i]n cases removed from state court, the removing defendant has 'always' borne the burden of establishing federal jurisdiction. . . .")(citation omitted); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3739 at 423-24 (collecting cases). Furthermore, if the jurisdictional facts of the party asserting jurisdiction are challenged, the burden falls on the party asserting federal jurisdiction to provide competent proof. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990); see also Pettis ex rel. U.S. v. Morrison-Knudsen Co., Inc., 577 F.2d 668, 674 (9th Cir. 1979) (finding "that plaintiff has the burden of establishing jurisdiction if it is properly controverted by the opposing party" and

3

concluding plaintiffs "conclusory allegations" were not sufficient to meet plaintiffs burden of establishing jurisdiction when challenged by defendant in the context of a motion to dismiss for lack of jurisdiction).

However, the defendant's burden to establish jurisdiction under CAFA does not extend to providing competent proof that the "home state" or "local controversy" exceptions do not apply. The Ninth Circuit has held specifically that "the provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for establishing minimal diversity jurisdiction under CAFA, but, instead, are exceptions to jurisdiction." Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1023 (9th Cir. 2007). The court, noting the Supreme Court's opinion in Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003), concluded that "although the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)." Serrano at 1024.

**FACTS**

The complaint alleges that on May 3, 2007, Plaintiff purchased a 2005 Kia Amanti. Plaintiff alleges that as a part of the sales contract between Plaintiff and Defendant, Defendant agreed to pay-off the loan on Plaintiff's trade-in vehicle. Defendant later requested reformation of the contract, and on May 29, 2007, the parties entered into a new contract. Plaintiff's claims arise from Defendant's alleged improper conduct during the transactions of May 3, 2007 and May 29, 2007. The complaint alleges that Defendant failed to pay off the loan on Plaintiff's trade-in, in breach of the sales contracts. The complaint also alleges that Defendant misrepresented the true history of the Kia Amanti, assessed Plaintiff tire recycling fees in excess of statutory limits and charged Plaintiff for goods Defendant did not actually provide.

Plaintiff filed suit on February 13, 2008, in the Kern County Superior Court. Defendant filed a notice of removal on January 8, 2009. The parties agree that Plaintiff Denise Beauford is

a citizen of the State of California and that Defendant EWH Group Inc. is a corporation incorporated under the laws of the State of California and has its principle place of business in California at 5200 Gasoline Alley Drive, Bakersfield, California, 93313.  In Defendant's motion for removal, Defendant alleges that "at least one member of the class of plaintiffs is a citizen of a State different from at least one defendant" and that "a perfunctory review" of their sales records revealed "two class members from the state of Texas". See Notice of Removal ¶ 5.  Defendant further alleges that as "the class size easily exceeds two hundred" and Plaintiff's requested CTRA penalties of $25,000 per class member make the amount in controversy exceed the sum of $5,000,000.  Defendant, while admitting the exact number of plaintiffs is unknown to it, asserts the class of plaintiffs substantially exceeds 100 members.

## DISCUSSION

Due to the timing of Plaintiff's motion to remand, Plaintiff can only challenge this court's subject matter jurisdiction.  Defendant removed this action pursuant to this court's original jurisdiction over class actions provided for in CAFA.  Congress' purpose in enacting CAFA was to broaden district court's original jurisdiction over certain kinds of "mass actions." Abrego Abrego 443 F.3d at 684.  The Ninth Circuit has noted CAFA's somewhat clumsy wording and construction, especially in Congress' blurring of the line between original jurisdiction and removal.  Id. at 680-681 (specifically contrasting Congress' conventional starting point of creating original jurisdiction and its later use of "actions 'removeable under paragraphs (2) through (10).'").  However, the burden for establishing jurisdiction under CAFA remains with the removing defendant. Id. at 684-85.  In the current context, Defendant must establish the class of plaintiffs contains 100 or more members, there exists minimal diversity–that at least one plaintiff is a citizen of state different from any defendant, and that the amount in controversy in the aggregate exceeds $5,000,000.  For the following reasons, the court finds that Defendant has not met his burden of proof in establishing subject matter jurisdiction and therefore grants Plaintiff's motion to remand.

I. <u>Minimal Diversity</u>

To establish minimal diversity jurisdiction Defendant must allege that at least one plaintiff and one defendant are citizens of different states. The Ninth Circuit, citing the reasoning of the Third and Fifth Circuits, has held that "absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter v. Warner-Lambert Co.</u> 265 F.3d 853, 857 (9th Cir. 2001); <u>Whitmire v. Victus Ltd.</u> 212 F.3d 885, 887 (5th Cir. 2000); <u>Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.</u>, 177 F.3d 210, 222 n. 13 (3d Cir. 1999).

In <u>Kanter</u> the Ninth Circuit clearly stated the requirements for citizenship:

> To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

<u>Kanter</u>, 265 F.3d at 857 (citations omitted). The distinction between a resident and a citizen has been well established in the law of this country for 200 years, as the Fourth Circuit ably illustrates in its survey of the Supreme Court's consistent application of this distinction from 1798 through today. <u>Axel Johnson, Inc. V. Carroll Carolina Oil Co.</u>,145 F.3d 660, 663 (4th Cir. 1998); <u>see</u> e.g., <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989); <u>Bingham v. Cabot</u>, 3 U.S. (3 Dall.) 382, 1 L.Ed. 646 (1798). In the context of challenges to removal jurisdiction the determination of citizenship, and thus domicile, "require an inquiry into the circumstances at the time the notice of removal is filed." <u>Spencer v. U.S. Dist. Court for Northern Dist. of Ca.</u>,393 F.3d 867, 871 (9th Cir. 2004).

Here Defendant has failed to meet its burden to be able to "affirmatively allege" and provide "competent proof" supporting minimal diversity. Defendant alleges in its notice of removal that:

6

> 5. This court has jurisdiction over this class action under the provisions of 28 U.S.C. § 1332(d) because:
> a. Plaintiff Denise Beauford is a citizen of the State of California
> b. Defendant EWH Group Inc. is a corporation incorporated under the laws of the State of California and has its principal place of business at 5200 Gasoline Alley Drive, Bakersfield, California, 93313
> c. In the relevant time period covered by the class action claims, Defendant has sold many vehicles, some to persons who have since taken up citizenship in states other than California. **At least one member of the class of plaintiffs is a citizen of a State different from at least one defendant within the meaning of 28 U.S.C § 1332(d)(2)(A). A perfunctory review of the many sales made in the statutory period yielded two class members from the state of Texas.** Defendant believes that when a thorough review of the sales history is made, additional diverse class members will be ascertained.

See Notice of Removal ¶ 5 (emphasis added). Defendant in its memorandum in opposition to Plaintiff's motion to remand directs the court to the declaration of Defendant's custodian of records as its only support for the proposition that "EWH Group has shown by a preponderance minimal diversity in its notice of removal". Def. Opp. to Motion to Remand at 2. Defendant asserts it "cannot and must not release the private information of its customer [sic] to salsify [sic] Plaintiff's inquiries." Id. The declaration by Defendant's custodian of records, Mo Hosseini, states that following a partial review of Defendant's records he found two contracts with potentially diverse class members. Mr. Hosseini's declaration states in relevant sections:

> 5. The practice and procedure of E.W.H. Group, Inc. when creating a contract with a vehicle purchaser is to create a contract with the buyers name and full address as it appears on the buyer's drivers license.
> 7. I reviewed some of the recent sales contracts entered into during the alleged class claim period and found the contracts for two vehicle buyers, both citizens of Texas.
> 8. One contract, dated September 1, 2007, for vehicle with VIN number ending in 134 was made to potential class member Gavino. C, a resident of San Benito, Texas.
> 9. A second contract, dated Decmenber 10, 2007, for vehicle with VIN number ending in 929 was made to potential class member Arnold. C, a resident of San Antonio, Texas.

Decl. of M. Hosseini at 2.

Even under highly deferential standards the court is "not bound to accept as true a legal conclusion couched as a factual allegation". Bell Atlantic Corp. v. Twombly 550 U.S. 554, 555-56 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal 129

7

S.Ct.1937, 1950-51 (2009) (affirming and applying the first prong of the Twombly analysis–identifying legal conclusions that do not merit deference).  Defendant's legal conclusion that potential class plaintiffs Gavino, C. and Arnold, C. are citizens of Texas is not borne out by the evidence Defendant has presented to this court.  Defendant's conclusion that Gavino, C. and Arnold, C. are citizens of Texas rests solely on the declaration by Defendant's custodian of records.  Despite Defendant's legal conclusion to the contrary, it is clear that at best the evidence Defendant has provided establishes that two potential class members had Texas drivers licenses, implying they were Texas residents a year to a year and a half before the time in question–the date of Defendant's notice of removal– January 8, 2009.  Domicile, not residency, is the central question in determining citizenship for diversity, and Defendant has not produced competent evidence establishing the permanent homes and intentions of potential class members Gavino, C. and Arnold, C. at the time of removal.  Allegations of residency are insufficient to support diversity jurisdiction.  See Shaw v. Quincy Mining Co., 145 U.S. 444, 447 (1892) ("It was held by this court from the beginning that an averment that a party resided within the State or the district in which the suit was brought was not sufficient to support the [diversity] jurisdiction, because in the common use of words a resident might not be a citizen, and therefore it was not stated expressly and beyond ambiguity that he was a citizen of the State . . . The same rule has been maintained to the present day. . . ."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 824 (9th Cir. 2002)(paraphrasing parenthetically Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957), for the proposition that "an allegation of residency cannot be regarded as an allegation of citizenship for the purpose of diversity jurisdiction" ).  The court therefore concludes that Defendant has failed to meet its burden to provide competent proof of Gavino, C. and Arnold, C.'s citizenship, and as such, Defendant is not able to affirmatively allege minimal diversity of citizenship.[1]  Because diversity of citizenship is absent, this court lacks subject

---

[1] The court recognizes that the court has discretion to grant Defendant leave to amend the notice of removal.  See Barrow Develop. Co. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (reviewing a request for leave to amend and expressly holding 28 U.S.C. § 1653 applies to

matter jurisdiction and remand is required.

**CONCLUSION AND ORDER**

Accordingly, the Court ORDERS that the Plaintiff's motion for remand is hereby GRANTED. Defendant's motion to dismiss is DENIED as MOOT. The Clerk of the Court is DIRECTED to REMAND this case to the Kern County Superior Court.

IT IS SO ORDERED.

**Dated:**   **June 23, 2009**                    /s/ Anthony W. Ishii
                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

notices of removal). The court declines to exercise this discretion because Defendant neither asks for leave to amend nor provides additional evidence to establish diversity of citizenship.