**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DENISE BEAUFORD,**<br><br>　　　　　**Plaintiff**,<br><br>　v.<br><br>**E.W.H. GROUP INC. dba**<br>**BAKERSFIELD MITSUBISHI,**<br>and DOES 1-50, inclusive,<br><br>　　　　　**Defendants**. | 1: 09 - CV - 00066 - AWI - SMS<br><br>ORDER GRANTING<br>PLAINTIFF'S MOTION FOR<br>ATTORNEY FEES<br><br>Document # 28 |

　　　This motion for attorneys's fees arises from a motion to remand a class action suit brought by plaintiff Denise Beauford ("Plaintiff") against defendant E.W.H. Group Inc. ("Defendant"), who operated a car dealership known as "Bakersfield Mitsubishi". The suit was originally filed on Feburary 13, 2008, in the Kern County Superior Court. Plaintiff alleged violations of the California Tire Recycling Act, Cal. Pub. Res. Code § 42885, the Automobile Sales and Finance Act, Cal. Civ. Code § 2981 *et. seq.*, the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et. seq.* and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Defendant removed the action on January 9, 2009, asserting diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). Plaintiff filed a motion to remand on May 15, 2009, which this court granted on June

24, 2009.  Plaintiff seeks fees of $32,162.50 for the legal counsel provided to her by the firm of William M. Krieg & Associates.  From the time-sheets provided by Plaintiff, the court calculates that Plaintiff requests 28.6 hours at $425 per hour ("/hr") for the services of William Krieg, 86.9 hours at $225/hr for the services of associate Patrick McManaman, and 2.3 hours at $100/hr for the services of paralegal Barbara Kosinski.  For the reasons that follow, the Court will award attorney's fees, but at a lower amount than requested.

## **LEGAL STANDARD**

In remanding an improperly removed action back to state court, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."  Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992); Wells v. California Home Loan Solutions, 2007 WL 2915059 at *2 (S.D. Cal. Oct. 4, 2007) (quoting Moore).  In Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), a unanimous Supreme Court announced the standard for determining when attorney's fees are appropriate under Section 1447(c):

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.

Martin, 546 U.S.  at 141 (citations omitted).

If a removal lacked any objectively reasonable basis, the court must determine how to calculate the just costs associated with the removal.  "Under a fee-shifting statute," such as Section 1447(c), "the court must calculate awards for attorneys' fees using the lodestar method, which involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate, and, if circumstances warrant, adjust[ing] the lodestar to account for other factors which are not subsumed within it."  Staton v. Boeing Co., 327 F.3d 938,

965 (9th Cir. 2003) (citing <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149 n. 4 (9th Cir.2001) and <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir.1996)) (internal quotation marks omitted); <u>see also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate").

## DISCUSSION

### I. Objectively Reasonable Removal

Defendant contends it had an objectively reasonable basis for seeking removal to federal court. In support of its arguments, Defendant cites <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th Cir. 2008), for the proposition that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Defendant's also cite to <u>Lott v. Pfizer, Inc.</u>, 492 F.3d 789 (7th Cir. 2007), which the Ninth Circuit in <u>Lussier</u> analyzed as an analogous situation. In <u>Lott</u>, the Seventh Circuit found "[t]he test [for objective reasonablness] is whether the relevant case law clearly foreclosed the defendant's basis of removal." <u>Id.</u> at 794. Seizing upon this language Defendant argues it's legal basis for "[r]emoval was not 'clearly foreclosed' by existing case law–it was foreclosed by the court's finding of fact." Opp. to Mtn. for Attny's Fees at 4. Defendant argues that "[i]n fact, this very district has recently found a removing defendant to have an objectively reasonable basis for removal in a CAFA case where the Plaintiff and Defendant were diverse. <u>Bains v. Blockbuster Inc.</u>, 2008 U.S. Dist. Lexis 100338 (E.D. Cal. Nov. 25, 2008)

Plaintiff, citing Defendant's brief in opposition to remand and the court's remand order, argues that "<u>[n]ot only was EWH entirely wrong in its legal argument regarding residency, but it failed to provide any facutal support for its residency claim.</u>" Mtn for Attny's Fees at 4. In support of Plaintiff's position that Defendant's legal conclusions were "entirely wrong", Plaintiff emphasizes Defendant's reliance on its own unsupported assertion that, "[a]ddress and drivers' license information ha[ve] been deemed sufficient for determining the citizenship of putative

class members for diversity of citizenship purposes under CAFA." Mtn for Attny's Fees at 3.

The court finds Defendant's arguments unpersuasive and concludes that Defendant had no objectively reasonable basis for removal because the relevant case law clearly foreclosed Defendant's removal. Certainly under CAFA it is clear that Defendant could remove to federal court if it could establish that, at the time of removal, the class of plaintiffs contained 100 or more members, with at least one plaintiff being a citizen of a state different from any defendant, and that the amount in controversy in the aggregate exceeded $5,000,000. See 28 U.S.C. § 1332; Beauford v. E.W.H. Group Inc., 2009 WL 1808468 at *1-2 (E.D. Cal. Jun. 24, 2009) (docket # 27) . However, it should have been equally clear that, given the evidence, Defendant could not have affirmatively alleged diversity of citizenship. Defendant's unsupported conclusion that address and drivers' license information is sufficient for determining citizenship was unavailing on this point.[1] The distinction between resident and citizen has been consistently applied in federal jurisdiction jurisprudence. See Axel Johnson, Inc. V. Carroll Carolina Oil Co.,145 F.3d 660, 663 (4th Cir. 1998); Beauford, 2009 WL 1808468 at *4 (docket # 27). As the court observed in its order granting remand:

> Despite Defendant's legal conclusion to the contrary, it is clear that at best the evidence Defendant has provided establishes that two potential class members had Texas drivers licenses, implying they were Texas residents a year to a year and a half before the time in question–the date of Defendant's notice of removal– January 8, 2009. Domicile, not residency, is the central question in determining citizenship for diversity, and Defendant has not produced competent evidence establishing the permanent homes and intentions of potential class members Gavino, C. and Arnold, C. at the time of removal. Allegations of residency are insufficient to support diversity jurisdiction. See Shaw v. Quincy Mining Co.,145 U.S. 444, 447 (1892); see also Snell v. Cleveland, Inc., 316 F.3d 822, 824 (9th Cir. 2002)

Beauford, 2009 WL 1808468 at *5 (docket # 27) (explanatory citation parentheticals omitted). Unlike the issues before the courts in Lussier and Lott, the standard for determining citizenship is not a novel issue. The court does not find Defendant's distinction between findings of fact and

---

[1] The preceding sentence in Defendant's opposition to remand cites McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3rd Cir. 2006). The court notes that 1) McCann does not involve a class action or mention CAFA and 2) McCann only lists factors that may be considered in determining domicile, and does not conclude that "address and drivers' license information" are sufficient to establish citizenship. This case do not support the assertion that "address and drivers' license information" is sufficient to establish citizenship.

4

law persuasive in light of the clearly established case law.

Additionally, the court does not find persuasive Defendant's citation to *Bains* for the proposition that "this very district has recently found a removing defendant to have an objectively reasonable basis for removal in a CAFA case where the Plaintiff and Defendants were diverse." First, *Bains* did not involve a class action or reference CAFA. Second, the diversity issue in *Bains* did not turn on the determination of citizenship, but rather, whether the plaintiff could maintain its claims against the non-diverse defendants.

The court concludes Defendant's removal was clearly foreclosed by well established case law and therefore Defendant did not have an objectively reasonable basis for removal.

## II. Lodestar–Reasonable Hourly Rate

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11; Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005); Schwarz v. Secretary of Health and Human Servs., 73 F.3d 895, 908 (9th Cir. 1995). The Ninth Circuit has elaborated that:

> Once the number of hours is set, "the district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) . This determination "is not made by reference to rates actually charged by the prevailing party." Id. The court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation." Id. at 1210-11. Either current or historical prevailing rates may be used. Missouri v. Jenkins, 491 U.S. 271 (1984). The use of current rates may be necessary to adjust for inflation if the fee amount would otherwise be unreasonable; the district court must look to the "totality of the circumstances and the relevant factors, including delay in payment." Jordan v. Multnomah County, 815 F.2d 1258, 1262 n.7 (9th Cir. 1987).

D'Emanuelle v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir. 1990) overruled on other grounds by Burlington v. Dague, 505 U.S. 557 (1992). The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits.[2] Mendenhall v.

---

[2] The court notes that there are narrow exceptions to the general rule that the relevant legal community is the forum in which the court sits. See Schwarz, 73 F.3d at 907.

NTSB, 213 F.3d 464, 471 (9th Cir. 2000); Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997); Schwarz, 73 F.3d at 906; Deukmejian, 987 F.2d at 1405.

### A. Attorney William Krieg

Plaintiff requests an hourly rate of $425/hr for the services of attorney William Krieg. In support of this request William Krieg has provided a declaration in which he states:

> I personally spoke with the following attorneys in September 2007, each of whom is an experienced practitioner in Fresno County and who regularly represent clients in specialized areas. Each provided the following information as to their attorneys fee rates for non-class action cases at that time: a. William J. Smith $450 per hour  b. Andrew Jones $450 per hour (consultation)  c. Jacob Weisberg $350 per hour.

Dec. of William Krieg at 4.  In the declaration, William Krieg also provides the names and rates of attorneys he spoke with as of March 2007 from San Francisco, La Crescenta, Santa Ana, Tarzana, Santa Rosa, Glendale, Santa Barbara, San Diego, and Bellflower, California. Id. at 5. William Krieg further draws the courts attention to eight cases in which he has been awarded attorney's fees.  Three of the cases are from state courts in the Northern District of California, four are from the Fresno County Superior Court and one case is from this division of the Eastern District of California. Id. at 4.  In support of Plaintiff's motion, William Krieg declares:

> I have had attorneys fees approved as reasonable at the rates indicated in the following cases:
>     c. *Sanchez v. Westlake Services, Inc.*, Fresno County Superior Court, Case No.: 05CE CG 00617 DSB, coordinated and approved in Los Angeles County Superior Court, Case No.: BC 32276502886, approved October 2004, $400 per hour. (Class Action)
>     e. *Waer v. Key Bank USA, NA*, United States District Court Eastern District of California, Fresno Division, Case No.: CIV F 04-6089 OWW LJO, approved on Stipulation, November 2002, $350 per hour. (Class Action)
>     f. *Wells v. Fresno Infinity, Inc.*, FCSC Case No.: 06CECG03367DSB, approved September 2007, $325 per hour.
>     g. *Morris adv. RV Outlet, Inc.*, FCSC Case No.: 05 CE CG 03098 DRF, approved October 2007, $325 per hour.
>     h. *Smith v. Fleetwood, et al.*, Stanislaus County SC, Case No. 269947, approved December 2007, $350 per hour.

Dec.of William Krieg at 4.

As set forth above, in the Ninth Circuit, the relevant legal community for determining the market rate is generally the location of the district court. Mendenhall, 213 F.3d at 471; Barjon, 132 F.3d at 500; Schwarz, 73 F.3d at 906; Deukmejian, 987 F.2d at 1405.  This Court sits in the

6

Eastern District of California – Fresno Division, it does not sit in San Francisco, Los Angeles, San Diego, the Northern District of California, the Central District of California, or the Southern District of California.  The information declared by William Krieg as to the rates charged by attorneys outside of the Eastern District – Fresno Division as well as the citations to cases from outside the Eastern District – Fresno Division will be disregarded as irrelevant to this motion.

Defendant contests the reasonableness of Plaintiff's requested $425/hr rate and urges the court to determine the prevailing market rate for "reasonably competent counsel" by a mathematical formula using data from the Bureau of Labor Statistics as the court did in Albion Pacific Property Resources, LLC v. Seligman, 329 F.Supp.2d 1163 (N.D. Cal. 2004).  Defendant emphasizes the *Albion* court's conclusion that "even if a party chooses to employ counsel of unusual skill and experience, the court awards only the fee necessary to secure reasonably competent counsel." Id. at 1168.  Although the court in *Albion* was awarding fees under Section 1447(c), they relied heavily of *Venegas v. Mitchell*, 495 U.S. 82 (1990), which was interpreting fee awards under 42 U.S.C. § 1988 in light of the nature of civil rights cases and contingent fee agreements.  In relevant section, *Venegas* states:

> Civil rights plaintiffs, if they prevail, will be entitled to an attorney's fee that Congress anticipated would enable them to secure reasonably competent counsel. If they take advantage of the system as Congress established it, they will avoid having their recovery reduced by contingent-fee agreements. But neither [Blanchard v. Bergeron, 489 U.S. 87 (1989),] nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award that they may collect from losing opponents. Indeed, depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice would not further § 1988's general purpose of enabling such plaintiffs in civil rights cases to secure competent counsel.

Venegas, 495 U.S. at 89-90.  The court does not read this language from *Venegas* as altering the general standards for fee awards as enunciated by the Supreme Court in *Blum* and consistently applied by the Ninth Circuit. See Blum, 465 U.S. at 869 n.11; Petroleum Sales, Inc. v. Valero Refining Co., 304 Fed. Appx. 615, 617 (9th Cir. 2008) (quoting Blum for determining a reasonably hour rate "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation'"); Dang, 422 F.3d at 814

7

(quoting Chalmers); Schwarz, 73 F.3d at 908 (same); D'Emanuelle, 904 F.2d at 1384 (same); Chalmers, 796 F.2d at 1210-11 (quoting Blum).

The court finds that given the evidence provided to the court by Plaintiff, a reasonable hourly rate for the services of attorney William Krieg is $350/hr. This figure is within the range of hourly rates charged by the other attorneys as declared by William Krieg and inline with the hourly rates other courts have approved for the services of attorney William Krieg.

### B. Associate Patrick McManaman and Paralegal Barbara Kosinski

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community[.]" Blum, 465 U.S. at 869 n.11; Dang, 422 F.3d at 814. Plaintiff has not presented any relevant evidence regarding the prevailing hourly rates charged by associate attorneys or paralegals. The Supreme Court has expressly stated that "courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates." Blum, 465 U.S. at 869 n.11. Plaintiff has not provided the court with any evidence upon which it can determine the prevailing market rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Chalmers, 796 F.2d at 1210. Therefore Plaintiff has not met her burden of production and all fee requests attributed to associate Patrick McManaman and paralegal Barbara Kosinski are denied.

### III. Lodestar–Number of Hours

In determining the lodestar figure, a district court should exclude from its initial calculation hours that are "excessive, redundant, or otherwise unnecessary," i.e. hours that were not "reasonably expended." Hensley, 461 U.S. at 434; Dang v. Cross, 422 F.3d 800, 812 n.12 (9th Cir. 2005); In re Dawson, 390 F.3d 1139, 1152 (9th Cir. 2004). The Supreme Court has held:

> Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. 'In

8

1  |  the private sector, "billing judgment" is an important component in fee setting.  It is no
2  |  less important here.  Hours that are not properly billed to one's client also are not
   |  properly billed to one's <u>adversary</u> pursuant to statutory authority.'

3 <u>Hensley</u>, 461 U.S. at 434.   The fee applicant bears the burden of documenting the appropriate

4 hours expended in the litigation and must submit evidence in support of those hours worked.  <u>Id</u>.

5 at 433, 437; <u>Gates v. Rowland</u>, 39 F.3d 1439, 1449 (9th Cir. 1994); <u>Gates v. Deukmejian</u>, 987

6 F.2d 1392, 1398-99 (9th Cir. 1992). "Plaintiff's counsel . . . is not required to record in great

7 detail how each minute of his time was expended," even "minimal" descriptions that establish

8 that the time was spent on matters on which the district court may award fees is sufficient.  <u>Lytle</u>

9 <u>v. Carl</u>, 382 F.3d 978, 989 (9th Cir. 2004).   Counsel need only "identify the general subject

10 matter of [their] time expenditures." <u>Trustees of Dirs. Guild of Am.-Producer Pension Benefits</u>

11 <u>Plans v. Tise</u>, 234 F.3d 415, 427 (9th Cir. 2000); <u>see also</u> <u>Lytle</u>, 382 F.3d at 989.   The party

12 opposing the fee application has a burden of rebuttal that requires submission of evidence that

13 challenges the accuracy and reasonableness of the hours charged or challenges the facts asserted

14 by the prevailing party.   <u>McGrath v. County of Nevada</u>, 67 F.3d 248, 255-256 (9th Cir. 1995);

15 <u>Gates v. Gomez</u>, 60 F.3d 525, 534-35 (9th Cir. 1995); <u>Deukmejian</u>, 987 F.2d at 1398-99.

16         A.  Hours for Opposition to Defendant's Motion to Dismiss

17     Plaintiff requests attorney's fees incurred as a result of opposing Defendant's motion to

18 dismiss, which was filed subsequent to Defendant's removal to this court.  Plaintiff argues that

19 this is a cost "incurred as a result of the removal."   Plaintiff provides the court with exhibits

20 illustrating Plaintiff's attempts to avoid additional costs by proposing a stipulation to take

21 Defendant's motion to dismiss off the courts calendar until a ruling had been made on Plaintiff's

22 remand motion.

23     Defendant cites the court to *Baddie v. Berkeley Farms Inc.*, 64 F.3d 487 (9th Cir. 1995),

24 and argues that Plaintiff's attorney's fees for opposing Defendant's motion to dismiss are not

25 recoverable where such fees would have been incurred in the state court had removal not

26 occurred.   Plaintiff replies that Defendant's motion to dismiss was not a substitute for a motion

27 that would have been made in state court.  Plaintiff continues, "[h]ere, EWH's demurrer was

28 duplicative and in addition to its multiple Demurrers, Motions to Strike, and Motion for

9

Summary Adjudication all previously done in state court prior to removal."

The court finds Defendant's arguments persuasive and will deny all fee requests in connection to Defendant's motion to dismiss. The Ninth Circuit in *Baddie* held that "other fees and costs incurred in federal court after a removal may be related only tenuously to the removal, as when they replace similar fees and costs that would have been incurred in state court if the litigation had proceeded there. Such fees and costs cannot be considered 'incurred as a result of the removal.'" Baddie, 64 F.3d at 490; SRE-Cheaptrips, Inc. v. Netblue, Inc., 2007 WL 2572166 (D. Idaho Aug. 31, 2007) (citing Baddie and concluding Plaintiff's costs related to a motion to dismiss and motion to strike were not recoverable as those costs would likely have been incurred in state court). Although Plaintiff argues that his costs incurred in opposing the motion to dismiss would not have been incurred if the litigation had remained in state court, Plaintiff's representations in state court appear to indicate otherwise. Plaintiff states:

> On December 5, 2008, this Court granted Plaintiff leave to amend to file its Second Amended Complaint, ("2AC"), which now supersedes the First Amended Complaint ("FAC") which is the subject of defendant's Motion for Summary Adjudication ("MSA"). Plaintiff's 2AC, filed on about December 10, 2008, altered various allegations of the First Amended Complaint (hereinafter "FAC"), but more significantly, added class action claims under the Tire Recycling Act, CLRA, ASFA, and UCL and seeks relief on behalf of all consumers who were victims of the alleged wrongful practices.

Opp. to MSA (filed as docket #1, exhibit 56). Plaintiff's superseding second amended complaint, which added additional class action claims, was never the subject of a demurrer or a motion to strike. Defendant's motion to dismiss merely replaced an action that likely would have taken place in state court had the litigation remained there. Moreover, if the Defendant's motion to dismiss was, as Plaintiff contends, "duplicative and in addition to [Defendant's] multiple Demurrers, Motions to Strike, and Motion for Summary Adjudication," then Plaintiff's request for approximately forty-six hours of attorney fees in opposition to a duplicitive motion appears "excessive, redundant, or otherwise unnecessary." The court finds that Plaintiff's opposition to Defendant's motion to dismiss is only tenuously related to Defendant's removal, and likely would have been incurred in state court had the litigation remained there. All fee requests related to opposing Defendant's motion to dismiss are therefore denied.

B. Hours for Motion to Remand & Fee Request

As the court has already denied all fee requests attributed to associate Patrick McManaman and paralegal Barbara Kosinski, the court limits its review to the fee requests associated with attorney William Krieg.  Plaintiff has submitted time sheets that include the following entries associated with the removal, motion to remand, and motion for attorney's fees: 1.8 hours on January 9, 1.6 hours on January 16, 0.70 hours on April 28, 2.9 hours on May 5, 0.10 hours on May 18, 2.6 hours on June 8, 0.80 hours on June 29, an 1.8 hours on July 6.[3]  Additionally, on May 28, Krieg billed 4.9 hours for review and revision of his opposition to the motion to dismiss, preparation of a declaration, a letter to opposing counsel, and a telephone conference with "client [regarding] federal case status."  The 4.9 hours is not broken down into component parts, nor is the content or duration of the conference call discussed.  However, it is apparent that the motion to remand would have been discussed in the conference call.  Without further detail, the Court will allot 0.30 hours for a telephone conference regarding the remand motion and federal case status.  This totals 12.6 hours.  However, reduction of the entries on January 16 and April 28 are appropriate because part of the billing for those entries involve the motion to dismiss.  The January 16 entry includes "review of EWH's Mtn to Dismiss."  The Court will reduce the 1.6 hours by 0.5 in consideration of the length of the motion to dismiss, including exhibits.  With respect to the April 28 entry, the indication is that the conference subjects included the motion to dismiss, the motion to remand, and "various legal issues."  The Court will consider that an equal amount of time was spent on each subject and reduce the amount billed by .23 hours for the motion to dismiss.  With these reductions, a total figure of 11.87 hours reasonably expended results.

**CONCLUSION AND ORDER**

The court calculates that Plaintiff is entitled to recover fees of $4,154.50 from Defendant.  Specifically Plaintiff is entitled to recover for 11.27 hours (at an hourly rate of $350/hr) for

---

[3]All dates are for the year 2009.

attorney William Krieg's services.

Accordingly IT IS HEREBY ORDERED that Plaintiff's motion for attorney's fees and costs is GRANTED against Defendant in the amount of $4,154.50.

IT IS SO ORDERED.

Dated:   September 28, 2009            /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE